IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| CHRISTOPHER JOE PARSONS, ) | | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00319 | |
| ) | | |
| v. ) | **DISMISSAL ORDER** | |
| ) | | |
| C/O TRAVIS KELLY, et al., ) | By: | Joel C. Hoppe |
| Defendants. ) | | United States Magistrate Judge |
| ) | | |

Plaintiff Christopher Joe Parsons, a Virginia inmate appearing pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1, 4, 6. The case is before me by the parties' consent under 28 U.S.C. § 636(c). ECF Nos. 27, 28. Several defendants have been dismissed and only Defendant Travis Kelly remains. *See* ECF No. 44. The matter is currently before the Court on Defendant Kelly's Motion for Summary Judgment. ECF No. 49.

Kelly was a Correctional Officer ("C.O.") at Southwest Virginia Regional Jail Authority's Duffield facility, where Parsons was incarcerated during the relevant time. In his Complaint, Parsons alleges that on March 7, 2020, Kelly assaulted him without provocation and left him lying on the floor of his cell bleeding for several hours before he received medical attention, causing Parsons urinary issues and head trauma. *See* Compl. 1–3, ECF No. 1. In his summary judgment motion, Kelly offers a different version of what occurred that day. Specifically, Kelly asserts that Parsons became argumentative and verbally abusive after Corporal Jonathan Barber informed Parsons he could not make a phone call because he was on lockdown. Def.'s Br. 2–3, ECF No. 50; *see* Aff. of T. Kelly ¶¶ 3–14 (Mar. 2, 2022), ECF No. 50-5; Aff. of J. Barber ¶¶ 2–14 (Mar. 15, 2022), ECF No. 50-2; Aff. of R. Phillips ¶¶ 2–9 (Mar. 11, 2022), ECF No. 50-6. Because of Parsons's disruptive behavior, Corporal Barber ordered Parsons to return to his cell, but Parsons refused, prompting Corporal Barber to instruct Kelly

1

and C.O. Ryan Phillips to return Parsons to his cell. Def.'s Br. 3. Kelly and C.O. Phillips "took Parsons by the arms to escort him back to his cell." *Id.* Although Parsons violently resisted the officers' efforts, they were eventually successful in returning Parsons to his cell where he then slipped on water on the floor of his cell that was present because Parsons had "popped a sprinkler head" in an attempt to flood his cell the night before. *Id.* at 4. Parsons informed the officers that he was injured, and two nurses were immediately summoned and provided medical attention to Parsons who verbally abused both the nurses and officers. *Id.* Parsons did not report any assault to the nurses, but said that he had slipped.; *see* Aff. of J. Addington ¶ 8 (Feb. 28, 2022), ECF No. 50-1; Aff. of R. Carter ¶ 8 (Feb. 28, 2022), ECF No. 50-4. The nurses did not observe any blood and determined immediate medical attention was not required. Def.'s Br. 4–5. X-rays were taken, and they showed no fractures or broken bones. *Id.* at 5. Parsons later filed a grievance, *id*., and he filed this action in June 2020, ECF No. 1.

On March 18, 2022, Kelly filed the instant motion for summary judgment, ECF No. 49, asserting that (1) he is entitled to qualified immunity, *id.* at 7–8; (2) Parsons has no viable claim for excessive force, *id.* at 8–11; (3) Parsons has no viable claim for deliberate indifference with respect to medical care, *id.* at 11–12; (4) Parsons has no constitutional right to participate in grievance procedures, *id.* at 12; and (5) Parsons made no claim for damages, *id.* at 12–13. On March 21, 2022, the Court issued a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 2005), and mailed a copy to Parsons at his last known address of record. ECF No. 51; *see* ECF No. 47 (Feb. 7, 2022); Fed. R. Civ. P. 5(a)(1)(A).The notice gave Parsons twenty-one days to file a response to the motion and advised him that, if he did not respond, the court would "assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s)." ECF No. 51. The notice further advised

Parsons that, if he wished to continue with the case, it was "necessary that Plaintiff respond in an appropriate fashion," and that if he failed to file some response within the time allotted, "the Court may dismiss the case for failure to prosecute." *Id.* No entry on the docket indicates that Parsons failed to receive the *Roseboro* Notice. *See* Fed. R. Civ. P. 5(b)(2)(C). The time for responding has expired, and Parsons did not file any response or seek an extension of time to respond. Thus, dismissal of Parsons's case for failure to prosecute is proper. *See McCall v. Flagship Credit Acceptance*, No. 4:21cv14, 2022 WL 1046253, at *1–2 (W.D. Va. Apr. 7, 2022) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013); Fed. R. Civ. P. 41(b)).

Accordingly, it is hereby ORDERED that Parsons's complaint is DISMISSED without prejudice. The Clerk shall STRIKE this action from the active docket of the court. All pending motions are DENIED AS MOOT. Because the dismissal is without prejudice, Parsons may refile his claims in a new civil action subject to the applicable limitations period.

The Clerk is directed to provide a copy of this order to the parties.

ENTER: May 16, 2022

Joel C. Hoppe
United States Magistrate Judge